UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HELEN FLAMMER AND RAUL FONTE                                              PLAINTIFFS

V.                                                          CIVIL ACTION NO. 1:06cv728-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY,                                       DEFENDANTS
AUDUBON INSURANCE GROUP,
MISSISSIPPI WINDSTORM UNDERWRITING ASSOCIATION,
AND STEVE SAUCIER

## **ORDER**

This cause of action was [1] removed to this Court on July 31, 2006 (at the time the Complaint was filed, Plaintiffs, who are husband and wife, were adult residents of New Orleans, and their citizenship is diverse from all Defendants).  Plaintiffs' cause of action arises from the total destruction of their home in Pass Christian as a result of Hurricane Katrina.  Defendant State Farm Fire & Casualty Company (State Farm), through its agent Defendant Steve Saucier (Saucier), issued the homeowners policy covering the dwelling, personal property, and loss of use.  Plaintiffs also purchased a flood policy from State Farm through Saucier.

The Complaint further alleges that Plaintiffs purchased a hurricane wind and hail policy from Defendant Mississippi Windstorm Underwriting Association (MWUA), also through Saucier.  It is claimed that "Saucier assured plaintiffs that these three insurance policies would provide plaintiffs with the full protection that they wanted with respect to any property damage or loss, particularly a loss caused by a hurricane, which was obviously foreseeable considering the location of plaintiffs' home."

Defendant Audubon Insurance Company (Audubon) is included as a party based on the allegation that it "handles all insurance claims for MWUA as MWUA's third party administrator, and all policy holder claimants are directed to Audubon by MWUA for such claim handling and resolution."  Despite the admonition in Fed. R. Civ. P. 8(a)(2) that a pleading should contain "a short and plain statement of the claim," the 28-page Complaint makes numerous allegations against the Defendants with respect to the circumstances surrounding the Plaintiffs' claim. (To complete the claims for relief among the parties, MWUA has asserted a [9] cross-claim against Saucier).

Presently before the Court is Audubon's [64] Motion for Judgment on the Pleadings, *see* Fed. R. Civ. P. 12(c), which was not filed until April 3 of this year.  Within a week of this filing, numerous depositions were noticed by Audubon [66] through [71].  Although Plaintiffs submitted a [89] response and a [92] supporting memorandum, they also filed what is labeled [90] "Plaintiffs' Rule 56(f) Motion to Supplement Memorandum Opposition to Audubon's

Motion to Dismiss." The primary problem with this latter request is that Fed. R. Civ. P. 56(f) contemplates additional time to submit "facts essential to justify the party's opposition" to a motion for summary judgment, which has not been filed. Instead, as already mentioned, Audubon is proceeding under Fed. R. Civ. P. 12(c), which reads:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This Court cannot identify any "matters outside the pleadings" raised by Audubon's motion, and it appears that the Plaintiffs are attempting to turn the motion for judgment on the pleadings into one for summary judgment. To avoid confusion, especially since each is judged by a different standard, this Court will rule on the former, pending motion.

Audubon correctly points out that a Rule 12(c) motion is determined by the same criterion applicable to a motion under Rule 12(b)(6). Thus, the Court must accept as true the well-pleaded facts set out in the complaint, and the Court must allow all inferences favorable to Plaintiffs. *Lowery v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997). Dismissal is proper only if it appears that the Plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41 (1957).

Audubon argues that it can have no liability under what is in essence a claim for breach of contract when it acted as an agent on behalf of a disclosed principal. Audubon acknowledges that it can be independently liable, but only for actions constituting gross negligence, malice, or reckless disregard for the rights of the insureds. *See Bass v. California Life Insurance Co.*, 581 So. 2d 1087, 1090 (Miss. 1991), quoting *Dunn v. State Farm Fire & Casualty Co.*, 711 F. Supp. 1359, 1361 (N.D. Miss. 1987). Audubon claims that there is not a count in the complaint against it for an independent tort.

The Complaint alludes to conduct by Audubon in connection with the adjustment of Plaintiffs' insurance claim, and one of the specific remedies sought is "[p]unitive damages . . . as a result of Defendants' actual malice, gross negligence, willful, wanton and reckless disregard for their policyholders . . . ." This is sufficient to survive Audubon's 12(c) motion. The relationship between Audubon and MWUA is another issue to be considered.

Finally, the Court notes that State Farm and Saucier have filed a [98] Motion to Amend the Scheduling Order to extend the discovery and dispositive motions deadlines, or, in the alternative, to continue the trial date. While the allowance of short extensions to conduct discovery and file dispositive motions is left to the sound discretion of the United States Magistrate Judge, under no circumstances will the trial of this cause be continued.

Accordingly, **IT IS ORDERED**:

Audubon's [64] Motion to Dismiss is **DENIED.**

Plaintiffs' [90] Motion to Supplement Memorandum in Opposition to Audubon's Motion to Dismiss is **MOOT**.

**SO ORDERED** this the 2nd day of May, 2007.

                                                                     s/ <u>L. T. Senter, Jr.</u>
                                                                     L. T. SENTER, JR.
                                                                      SENIOR JUDGE